UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11CR00108 AGF |
| | ) | |
| DENNIS RAY CAPPS, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the Court on the pretrial motion of Defendant Dennis Ray Capps. Following a traffic stop and Defendant's arrest on July 28, 2011, Defendant's car was searched and methamphetamine was found. Defendant was thereafter charged with one count of possession with intent to distribute 50 grams or more of methamphetamine. All pretrial motions were referred to United States Magistrate Judge Lewis M. Blanton under 28 U.S.C. § 636(b). Defendant Capps filed a Motion to Suppress Evidence and Statements. (Doc. No. 22).

In his motion, Defendant asserts that (i) the officers did not have probable cause to stop his vehicle; (ii) the officers did not have probable cause to search the vehicle, nor did they have valid consent or a valid search warrant; (iii) the items seized, which are the subject of the indictment, were therefore seized in violation of Defendant's rights; and (iv) any oral or written statements were the result of the unlawful arrest, were elicited without advising Defendant of his rights and/or were elicited by coercion and were involuntary, and are therefore inadmissible.

The Magistrate Judge held a hearing on Defendant's motion on December 28, 2011. Four law enforcement officers involved in the arrest, search, and subsequent interviews of Defendant testified for the United States, and were cross-examined by Defendant. The case is set for trial on May 29, 2012. Judge Blanton permitted the parties the opportunity to obtain a transcript and to file post-hearing memoranda. Following the filing of the transcript, Defendant elected not to file any further motions or memoranda, and as a result, the United States filed no further memorandum. Judge Blanton thereafter issued a Report and Recommendation ("R&R") (Doc. No. 35), recommending that Defendant's motion to suppress be denied. Defendant filed an objection, simply objecting to the R&R "for the reasons set out within his previously filed Motion to Suppress Evidence and Statements." (Doc. No. 39.)

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "'make a de novo review determination of those portions of the record or specified proposed findings to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including listening to the testimony of the witnesses, reviewing the transcript, and reviewing the exhibits introduced at the hearing, including the recordings. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues.

Specifically, the Court finds that Sergeant Carson had probable cause to stop Defendant's vehicle. When he observed Defendant driving his car, Sgt. Carson knew that Defendant's license had been suspended and that he had an outstanding warrant for his arrest. *See Whren v. United States*, 517 U.S. 806, 812-13, 818-19 (1996). The fact that Sgt. Carson was on the lookout for Defendant, and had already received information suggesting that Defendant was once again involved with narcotics, does not change the fact that the officer had probable cause to arrest Defendant. *See Id.; United States v. Linkous*, 285 F.3d 716, 719 (8th. Cir. 2002).

Following his arrest, Defendant voluntarily gave oral consent at the scene to search his car. Although Defendant was not advised of his rights under *Miranda* prior to requesting consent to search, no such warning is required. *See United States v. Saenz*, 474 F.3d 1132, 1137 (8th Cir. 2007); *United States v. Payne*, 119 F.3d 637, 643 (8th Cir. 1997). At the time, Defendant was 37 years old and had prior experience with law enforcement, and he was specifically advised that he did not have to consent to a search. Defendant was not impaired, the request was made almost immediately after the arrest, and the consent was not the result of any promises, threats or coercion. Based on the totality of the circumstances, the Court finds that the government has met its burden to establish the consent to search was voluntary.

Even if Defendant had not consented to the search, the methamphetamine discovered under the hood of the car would inevitably have been discovered. Defendant had been placed under arrest pursuant to a valid warrant, and the plates on the car were not in Defendant's name and did not match the vehicle. As such, the car would have

3

been impounded and towed, and would have been searched and inventoried pursuant to the written policy of the Missouri State Highway Patrol. Based on the evidence, the methamphetamine would have been readily discovered in any such inventory search. *See United States v. Avlarez-Gonzalez*, 319 F.3d 1070, 1072 (8th Cir. 2003).

After the discovery of the methamphetamine, Sgt. Carson advised Defendant what they had discovered, stating that he had suspected he would discover drugs, but had not expected to find so much. Defendant stated that the drugs were his and that his wife, who was a passenger in the car, did not know about it. Although Defendant was in custody at the time, and had not been advised of his *Miranda* rights, the statement is not subject to suppression as it was volunteered by Defendant and was not the result of any interrogation. *See Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980); *United States v. Lockette*, 393 F.3d 834, 837-38 (8th Cir. 2005).

Defendant was thereafter advised of his rights under *Miranda* at the scene. At that time, he made another statement, essentially repeating what he had stated previously. This statement is not subject to suppression both because it was not the result of any interrogation, and because it was knowingly and voluntarily made by Defendant after being advised of his rights.

Defendant was interviewed by two officers at the highway patrol office that same evening, following his arrest. Prior to any questioning, Defendant was advised of his rights both orally and in writing, and he signed a written waiver of his rights and agreed to speak with the officers. Defendant waived his rights knowingly and voluntarily, and

the statements he thereafter made to the officers were also knowing and voluntary, and were not the result of any promises, threats or coercion.

The Court therefore adopts the Report and Recommendation, as supplemented herein, and overrules Defendant's objections regarding the motion to suppress.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. No. 35] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements [Doc. No. 22] is **DENIED**.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2012.