RECEIVED BY MAIL
JAN 11 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE No. 1:11CR108 AGF |
| Respondent, | MOTION FOR LEAVE TO |
| | AMEND § 2255 MOTION, |
| vs. | FED. R. CIV. P. 15, |
| | PURSUANT TO THE FIRST |
| DENNIS RAY CAPPS, | FIRST STEP ACT |
| Petitioner. | |

COMES NOW, Petitioner Dennis Ray Capps (acting pro se), respectfully moves this Honorable Court for Leave to Amend his pending § 2255 motion pursuant to Fed. R. Civ. P. 15, and the recently enacted FIRST STEP Act. On December 21, 2018, the President of the United States signed into law the "First Step Act" that reduced mandatory life sentences imposed under 21 U.S.C. § 841 and § 851 to 25-years. The FIRST STEP Act altered the statutory penalty structure of 21 U.S.C. § 841 and § 851, and thus, is substantive in nature, and should be retroactively applicable to Mr. Capps pending § 2255 motion. A new rule can be applied retroactively on collateral review if "the rule places a class of private conduct beyond the power of the State to proscribe," or if it constitutes a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. Teague, 489 U.S. at 311.

I. Facts of Case

Mr. Capps was charged on a one-count indictment on October 20, 2011, for Possession with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). Prior to trial, the Government filed two Prior Felony Notices pursuant to 21 U.S.C. § 851. Mr. Capps was convicted by a jury and sentenced to life imprisonment. A direct appeal was filed and the judgment affirmed. Appeal No. 13-1196.

Mr. Capps thereafter filed a motion pursuant to 28 U.S.C. § 2255, in which he raised a claim of ineffective assistance of counsel. In particular, Mr. Capps argued that counsels neglected to notify him about the plea offer of 20-years prior to the filing of the § 851 notices and trial. This Court granted an evidentiary hearing on November 23, 2015 in relation to Capps' ineffective assistance claim. Both counsels were crossed examined at the hearing and admitted they did not notify petitioner of the government's plea deal. At present date, Mr. Capps § 2255 still pending in part before this Court.

II. Standard of Review

Federal Rules of Civil Procedures, Rule 15(a)(2) provides: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Mr. Capps submits that this court should permit him to amend his §

2255 narrowedly with the FIRST STEP Act proscription if justice so requires.

### III. Application of Mathis-Framework to Prior Drug Felony Offenses

As part of Capps Rule 15 Motion for Leave to Amend, he's requesting of this court to grant an evidentiary hearing under the application of the Mathis-framework (Mathis v. United States, 136 S. Ct. 2243 (2016)) to verify whether his prior drug felony offenses (post-Mathis) satisfies 21 U.S.C. § 802(44) definition for "felony drug offense."

This request is based on out-of-circuit authority, United States v. Martinez-Lopez, 864 F.3d 1034 (9th Cir. 2017)(en banc), and United States v. Murillo-Alvarado, 876 F.3d 1022 (9th Cir. 2016) concerning § 851 enhancements and divisible State drug statutes. The Ninth Circuit has been applying the Mathis-framework to California Health and Safety Code drug statutes in light of § 851 enhancements. The Ninth Circuit concluded that under Mathis, California Health & Safety Code, § 11352 does not constitute a "prior drug felony offense" under 21 U.S.C. § 802(44) to support the § 851 enhancement. The Court arrived at this conclusion on the basis that California's H&S § 11352 is a divisible statute with respect to its controlled substance requirement. In other words, the controlled substance referenced in section 11352 are treated as listing separate offenses, rather than merely listing separate means of committing a single offense. Because Mathis was not available when the § 851 notices were filed against

Capps, there's a reasonable probability that this claim has merits. Capps is uncertain as to whether his prior State drug statutes are divisible within the meaning of the the Mathis-framework to be qualified (post-Mathis) as "prior drug offenses" under 21 U.S.C. § 802(44). Wherefore, legal assistance is required to litigate this aspect of Capps § 851 Mathis-claim in comport of the FIRST STEP Act.

Conclusion

For all the foregoing reasons, Mr. Capps respectfully request that this Court grants leave to Amend his § 2255 motion to seek relief under the FIRST STEP Act, and to appoint counsel if the Court finds that the Mathis-framework claim incorporated herein is not bereft of merits. In the alternative, Mr. Capps submits that he has filed an accompanying motion pursuant to 18 U.S.C. § 3582(c)(2), "Motion For Modification of Sentence" in the event relief under the FIRST STEP Act cannot be granted pursuant to Fed. R. Civ. P. 15, and § 2255.

DATED this 7 day of January, 2019.

Respectfully submitted

*Dennis Capps*

Dennis Ray Capps

)nnis Capps 39049-044
'd States Penitentiary
x 019001
ter, CA 95301



⇔39049-044⇔
Clerk Of Court
555 Independence ST
CAPE Girardeau, MO 63703
United States