UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-cr-00108-AGF |
| | ) | |
| DENNIS RAY CAPPS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

On January 31, 2024, this Court granted Defendant Dennis Ray Capps's motion for

a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and reduced Capps's sentence to

180 months' imprisonment, plus a term of 10 years of supervised release.  ECF No. 165

(hereinafter the "Compassionate Release Order").  The Court also added to Capps's

conditions of supervision an additional period of up to six months at a residential reentry

center (RRC), as deemed appropriate by the United States Probation Office.  *Id.*   In light of

Capps's time already served and other credits, following receipt of the Compassionate

Release Order, the Bureau of Prisons (BOP) released Capps from custody on February 6,

2024.  It is the Court's understanding that Capps timely reported to the RRC in St. Louis,

Dismas House, as directed by his probation officer, on February 13, 2024.

The matter comes now before the Court on the Government's Motion for Emergency

Administrative Stay and Stay Pending Appeal, filed late in the evening of February 6, 2024,

the same date as Capps was released, and approximately one week after the Court issued its

Compassionate Release Order.  ECF No. 168.  In its motion, the Government originally

requested that Capps remain in the custody of the BOP pending any appeal.  The Court

ordered expedited briefing on the Government's motion, and Capps filed an opposition

brief, noting that Capps had already been released and arguing that the Government's

motion should be denied.

In its reply brief filed on February 9, 2024, the Government stated: "[G]iven that

Capps is ordered to spend 6 months at a residential reentry center subject to all standard

conditions of supervision, the Government does not oppose him remaining at a halfway

house—provided that the Court imposes an additional condition of location monitoring

during the pendency of an appeal to mitigate his risk of flight."  ECF No. 171 at 2.  The

Government requested that the condition of location monitoring remain during the

pendency of any appeal, if any notice of appeal was filed, or until such time as the Solicitor

General declined to pursue an appeal.  *Id.*

The Court asked Capps to respond to the Government's new request, and in his

response, Capps maintains that the Government's request for a stay should be denied and,

alternatively, the decision of whether and/or for how long to keep Capps in an RRC should

be made by the Probation Office, as the Court originally ordered.

Capps further requested that if required to remain in an RRC, he be designated to the

RRCs in Neelyville or Springfield, which are closer to his family and where he could obtain

2

previously arranged employment.  However, the Probation Office has advised the Court

that there is no space available for Capps at either of these facilities.  Rather, the only RRC

with space for Capps is Dismas House, which is three hours away from Capps's family, his

support system, and his previously arranged job opportunity.

Briefing with respect to the Government's motion is now complete.  For the reasons

set forth below, the motion will be denied.

## **<u>BACKGROUND</u>**

The facts and procedural history of this case are more fully set out in the

Compassionate Release Order and will not be recounted in detail here.  In his motion for a

sentence reduction and supplements thereto, Capps argued that a reduction was warranted

because he was serving an unusually long sentence (a mandatory life sentence for a non-

violent drug offense), and that had he been sentenced today, he would have been sentenced

to a vastly shorter term of imprisonment, resulting in a gross disparity.  Capps further

argued that a sentence reduction should be granted because, in addition to having already

served more than 12 years of his unusually long sentence, he had made remarkable progress

toward rehabilitation, including a continued dedication to sobriety that began before his

sentencing and certification as an HVAC technician; he had strong family support,

including a stable place to live and immediate employment; and he posed no danger to any

person or to the community.

The Government opposed Capps's motion, primarily on the grounds that Eighth

3

Circuit precedent foreclosed this Court from granting a sentence reduction based on a nonretroactive change in the law and, alternatively, a 2023 amendment to the Sentencing Guidelines permitting consideration of such nonretroactive changes in the law was invalid. Although the renewed briefing with respect to this motion has been ongoing since at least July 11, 2022, in its several briefs opposing compassionate release—including in its brief dated December 15, 2023 (ECF No. 164), in response to the Court's Order requesting supplemental briefs to address the amended policy statement issued by the Sentencing Commission in U.S.S.G. § 1B1.13(b)(6) (effective Nov. 1, 2023)—the Government never indicated that it may desire a stay or delay in the effective date of any grant of compassionate release.

In its Compassionate Release Order, the Court applied the amended policy statement, U.S.S.G. § 1B1.13(b)(6) (effective Nov. 1, 2023), to hold that Capps had shown extraordinary and compelling reasons warranting a sentence reduction. Considering the sentencing factors under 18 U.S.C. § 3553(a) and whether Capps was a danger to the community, the Court concluded that it was appropriate to grant Capps's motion for a sentence reduction and to reduce Capps's sentence to 180 months' imprisonment, plus a term of 10 years of supervised release. Further, as noted above, the Court added as a condition of supervision "up to six months at a residential reentry center, as deemed appropriate by the probation office." ECF No. 165 at 19-20.

As noted above, in its current motion, the Government indicates that it has not yet

decided whether it will pursue an appeal, but it requests an emergency administrative stay of 21 days in order to determine whether to file a notice of appeal and, in that case, to seek a full stay pending appeal in this Court and the Eighth Circuit.  Alternatively, as noted above, the Government requests that Capps remain at an RRC for six months and be placed on location monitoring during the pendency of any appeal, or until such time as the Government notifies the Court that it has declined to pursue an appeal.

## DISCUSSION

"A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant," *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal citations omitted).  In determining whether to issue a full stay pending appeal, courts generally consider four factors: "(1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020).

But, as the Government notes, the primary purpose for the more limited administrative stay that the Government seeks while determining whether to file an appeal, is to "maintain the status quo while the Eighth Circuit considers a motion for a stay pending appeal." *Dubikovskyy v. Goun*, 2023 WL 4055398, at *2 (W.D. Mo. May 22, 2023) (cited

in the Government's brief, ECF No. 168 at 2).  And as the Government appears to acknowledge, the status quo for Capps is no longer incarceration, but to remain released, subject to placement at an RRC for a period of up to six months as deemed appropriate by the Probation Office.

The Government has not demonstrated that Capps is a flight risk or that there is any risk that he will fail to comply with the terms of supervision.  And this Court has already determined that Capps has demonstrated substantial rehabilitation and poses no danger to the public.  Moreover, for the immediate future, Capps will be under the supervision of the Probation Office, which will also determine whether Capps should remain in an RRC and, if so, for how long (up to a period of six months).[1]

The Court does not believe it is necessary to impose an additional condition of location monitoring at this time.  The Probation Office has advised the Court that it does not believe such a condition is necessary at this time based on Capps's timely compliance with the Office's directives.  The only basis that the Government offers for location monitoring is to prevent Capps from fleeing in the event that the Government pursues an appeal and that the Eighth Circuit reverses this Court's Compassionate Release Order.  But location monitoring is not generally imposed for the purpose of preventing a defendant

---

[1]    Inasmuch as the only RRC in this District that can accept Capps is more than three hours away from his home and support system, and eliminates any long-term job prospects, the Court believes that the Probation Office is in the best position to determine whether placement at an RRC or at home best serves the interests of Capps, the interests of justice, and the public interest.

from fleeing and would do little to prevent such risk here.  Further, as noted above, the Government has not demonstrated that Capps in fact is a flight risk, and Capps has thus far timely complied with the Court's and Probation Office's directives.

For all of these reasons, the Court concludes that a stay is not appropriate here.  The Government is free to seek a stay in the Eighth Circuit, but in the meantime, the Court will not return Capps to federal custody now that he has been released, nor mandate the other restrictions requested.  *See, e.g.*, *United States v. Decator*, No. CR CCB-95-202, 2020 WL 3868993, at *3 (D. Md. July 9, 2020) (denying a similar request for a stay of a grant of compassionate release after the defendants had already been released, the defendants were not shown to be flights risks, and the government had not yet finalized its decision even to pursue an appeal).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion for emergency administrative stay and stay pending appeal is **DENIED**.  ECF No. 168.  As previously ordered, the United States Probation Office shall determine whether and for how long, up to a period of six months, Defendant must remain at a residential reentry center.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2024.

7